ORIGINAL

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 05 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
__Atlanta__ DIVISION

__BURDETTE LOWE__
(Print your full name)

Plaintiff *pro se*,

v.

__DELTA AIRLINES, INC.__

_____

(Print full name of each defendant; an employer is usually the defendant)

Defendant(s).

CIVIL ACTION FILE NO.

__1:16-CV-3717__

(to be assigned by Clerk)

## PRO SE EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1. This employment discrimination lawsuit is brought under (check only those that apply):

   __X__ Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

   **NOTE:** To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

    \_\_\_\_\_    Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

    X    Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

    \_\_\_\_\_    Other (describe) _____

_____

_____

_____

_____

2. This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3.  **Plaintiff.**   Print your full name and mailing address below:

    **Name**     BURDETTE LOWE

    **Address**  P.O. BOX 92421

    ATLANTA, GA 30314

4.  **Defendant(s).**   Print below the name and address of each defendant listed on page 1 of this form:

    **Name**     DELTA AIRLINES, INC.

    **Address**  1030 DELTA BOULVARD

    ATLANTA, GA 30354-1989

    **Name**     _____

    **Address**  _____

    _____

    **Name**     _____

    **Address**  _____

    _____

## Location and Time

5.  If the alleged discriminatory conduct occurred at a location <u>different</u> from the address provided for defendant(s), state where that discrimination occurred:

    _____

    _____

6. When did the alleged discrimination occur? (State date or time period)

   Sometime between August 2013 and October 18, 2013

## Administrative Procedures

7. Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?    _x_ Yes    ___ No

   If you checked "Yes," attach a copy of the charge to this complaint.

8. Have you received a Notice of Right-to-Sue letter from the EEOC?

   _x_ Yes    ___ No

   If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter: On or about JULY 6, 2016

9. If you are suing for **age discrimination**, check one of the following:

   ___ 60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

   ___ Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

   _____ Yes      _____ No      __x__ Not applicable, because I was not an employee of, or applicant with, a State agency.

   If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

   _____
   _____
   _____
   _____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

   _____ Yes      _____ No      __x__ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

   If you checked "Yes," describe below what happened in that administrative process:

   _____
   _____
   _____
   _____

## Nature of the Case

12. The conduct complained about in this lawsuit involves (check only those that apply):

    \_\_\_\_\_  failure to hire me
    \_\_\_\_\_  failure to promote me
    \_\_\_\_\_  demotion
    \_\_\_\_\_  reduction in my wages
    \_\_\_\_\_  working under terms and conditions of employment that differed from similarly situated employees
    \_\_\_\_\_  harassment
    \_\_X\_\_  retaliation
    \_\_X\_\_  termination of my employment
    \_\_\_\_\_  failure to accommodate my disability
    \_\_\_\_\_  other (please specify) _____

13. I believe that I was discriminated against because of (check only those that apply):

    \_\_\_\_\_  my race or color, which is _____
    \_\_\_\_\_  my religion, which is _____
    \_\_\_\_\_  my sex (gender), which is  \_\_\_\_ male   \_\_\_\_ female
    \_\_\_\_\_  my national origin, which is _____
    \_\_\_\_\_  my age (my date of birth is _____)
    \_\_\_\_\_  my disability or perceived disability, which is:

    \_\_X\_\_  my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation

    \_\_X\_\_  other (please specify) Particaption in Protected Action-Workers Compensation - I refused to sign a Stipulation Settlement Agreement that required giving up all EEOC rights and claims, medical coverage, and required my resignation.

Page 6 of 9

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

I allege that the defendant has discriminated against me and the following facts are the basis for my allegations of Retaliation of the Title VII of the Civil Rights Act of 1964 and Title I of ADA for engaging in participation of protected activities of filing EEOC charges and exercising Worker Compensation claim rights. I was an excellent employee. I was an International/Domestic and NBA Sports Team Charter Qualifed Flight Attendant with numerous positive letters from passengers and fellow employees. Two work related injuries forever altered my life, including my ability to breathe freely without concern, and my relationship with the Defendant.

The first injury November 5, 2005, was the left ankle and April 22, 2006, inhaled toxic chemicals from Halon (red bottle fire extinguisher) which affected my lungs occurred while I was working as a Flight Attendant for Northwest Airlines, which in 2008 merged with Delta Airlines. The injuries resulted in Worker Compensation claims. The April 2006 lung injury also resulted in PTSD, Depression, and Anxiety disability.

The Defendant has continuously presented me with Stipulation Settlement offers in writing and orally from 2008 to October 31, 2013

**(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)**

```
UNITED STATES DISTRICT COURT FOR NORTHEREN DISTRICT OF GA
                            Division
_____

Civil Action File No. _____

BURDETTE LOWE, Plaintiff pro se,

     v.

DELTA AIRLINES, INC., Defendant
```

## CAUSE OF ACTION

requiring me to resign, forgo any future legal rights/claims including EEOC, and relieve the Defendant of medical care responsibilities. I was not able to willingly sign away rights and benefits that I had rightfully earned through working or by Laws.

During a Mediation session with the Defendant in January 2012 I requested Reasonable Accommodations or retirement; I was denied. Instead, again I was offered resignation via Settlement Agreement or a pending termination because I was not released to "full" Flight Attendant duties. I was devastated, I had never been fired. This was my dream career and only life I knew. I reported the results of the mediation to MN Revocation Specialist Fran Williams. Ms. Williams' included the information in her monthly report to the MN Department of Labor; I was later offered an opportunity to participate in the Reasonable Accommodation process.

Page 1 of 5

UNITED STATES DISTRICT COURT FOR NORTHEREN DISTRICT OF GA
_____Division

Civil Action File No. _____

BURDETTE LOWE, Plaintiff *pro se*,

v.

DELTA AIRLINES, INC., Defendant

Although, the Defendant confirmed orally (through the Employee Service Center representative in April 2013), in writing via an email from Delta Inflight Supervisor Barbara Stanisz on June 4, 2013 that my retirement was effective July 30, 2013, and electronically (through Employee - Delta Self-Serve web site which automatically calculates and keeps employee records and status), my retirement was changed without explanation to "resignation" termination.

There was numerous communications between myself, and the Ms. Stanisz, and Linda Nimpson, from Human Resource regarding "continuous service" and "break in service", however, nothing was mentioned that I was ineligible to retire. I was informed that I was not eligible to receive retirement benefits, which I and questioned and requested copy of Northwest and Delta's policy that I was ineligible to receive earned benefits. Instead I received information about absences affecting vacation allotments, and if returned to duty it could affect a person's longevity years for pay purposes. At the time of the injury I was at the top pay scale and I was not asking about vacation

UNITED STATES DISTRICT COURT FOR NORTHEREN DISTRICT OF GA
_____Division

Civil Action File No. _____

BURDETTE LOWE, Plaintiff *pro se*,

v.

DELTA AIRLINES, INC., Defendant

allotments: I never received Northwest or Delta's written policies that my Disability Medical Leave of Absence affected years of service. Additionally, Northwest's longstanding corporate policy was that employees earned lifetime travel benefits after they completed 10 years of service. I had already completed 10 years and had earned travel passes prior to the Delta/Northwest merger.

As a result of the denial of benefits and other discriminatory actions I was compelled to retire and file EEOC discrimination and retaliation charges in August 2013. After the filing, I was locked out of the Delta Employee system; my retirement was changed to "resignation" sometime after my retirement and October 18, 2013.

Although the Defendant agreed I was eligible and could retire on July 30, 2013 the Defendant continued to present me Workers Compensation Stipulation Settlement Agreements requiring me to resign, forgo all legal rights including EEOC, and forgo the Defendant being held responsible for future medical care. This request to resign continued to almost to my scheduled retirement.

UNITED STATES DISTRICT COURT FOR NORTHEREN DISTRICT OF GA
_____Division

Civil Action File No. _____

BURDETTE LOWE, Plaintiff *pro se*,

    v.

DELTA AIRLINES, INC., Defendant

    On October 31, 2013 my former Worker Compensation lawyer contacted me and said the Defendant had an offer on the table and they would remove it soon. Although I had numerous concerns about the Settlement Agreement I was told by my lawyer that if I did not sign the agreement they would withdraw their service as my legal counsel. I believe that because I exercise my rights not too willing sign away my EEOC rights and claim and hold the Defendant harmless, I lost legal representation for my Workers Compensation claim and medical care was denied.

    In November 2013, within about 10 days of no legal counsel I received a letter from Liberty Mutual, the Defendant's Workers Comp Insurance carrier, that my mental health payments would cease---this was done without my doctor's knowledge and consent. This action caused me additional stress and distress because I still needed the treatment and could not afford the visits; at the time my provider did not take Medicare. My provider now takes Medicare and I was able to resume treatment.

```
UNITED STATES DISTRICT COURT FOR NORTHEREN DISTRICT OF GA
_____Division
```

Civil Action File No. _____

BURDETTE LOWE, Plaintiff *pro se,*

    v.

DELTA AIRLINES, INC., Defendant

Although, Robin Simpson, a Worker Compensation lawyer for the Defendant wrote a letter dated October 18, 2013 stating there was an "error" in my retirement. It was not until January/February 2014 that I learned about the change in employment status; I received my Worker Compensation file from my former Worker Compensation lawyer. The communication stated he had been informed by one of the Defendant's H.R. person Linda Nimpson, that there was a "coding error" mistake and my retirement was a resignation and that I had been informed of the change via email on July 30, 2013 the day of my expected retirement. Ms. Nimpson's email was after the close of business and did not indicate a "coding error" or a change in my retirement status. After learning of the change in employment status I filed a second EEOC charge of retaliation. My employment terminated, however, I did not in any format request or agree to resign.

15. Plaintiff _____ still works for defendant(s)
    __X__ no longer works for defendant(s) or was not hired

16. If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation?  __X__ Yes  _____ No

    If you checked "Yes," please explain: I requested for the defendant to provide me with written company policy, none were provided. In 2008 I asked for reasonable accommodations and was denied. Instead I was offered resignation via a settlement agreement or wait for the pending termination.

17. If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial. Do you request a jury trial?  __X__ Yes  _____ No

### Request for Relief

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

__X__ Defendant(s) be directed to ___SEE BELOW___

__X__ **Money damages (list amounts)** Request fair and equitable compensatory and punitive damages award in an amount to be determined at mediation or trial.

__X__ **Costs and fees involved in litigating this case**

__X__ Such other relief as my be appropriate

Apologize, Offer me positions at my senority such as Special Assignment Flight Attendant, or position simular like the one when I began my career at Northwest Airlines in Atlanta for my medical provider to consider, Reinstate mental health treatment payments, Not harrass me, and Make me whole, If no position available  **Page 8 of 9**
then change "resignation" termination back to Retirement with all retiree benefits including ID badge and parking in Atlanta Airport.

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this __4__ day of __October__, 20__16__

_Burdette D. Lowe_
(Signature of plaintiff *pro se*)

_Burdette Lowe_
(Printed name of plaintiff *pro se*)

_P.O. Box 92421_
(street address)

_Atlanta, GA 30314_
(City, State, and zip code)

_Sskyburdie23@aol.com_
(email address)

_(678) 570-7721_
(telephone number)

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Burdette D. Lowe<br>Po Box 92421<br>Atlanta, GA 30314 | From: | Savannah Local Office<br>7391 Hodgson Memorial Drive<br>Suite 200<br>Savannah, GA 31406 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is*
        *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2014-01851 | Janice D. Smith,<br>Investigator | (912) 920-4482 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

                                  On behalf of the Commission          **JUN 2 3 2016**

Enclosures(s)                          Holly H. Aguilar,                  *(Date Mailed)*
                                        Director

cc:
| Annelyse Greene<br>Delta Airlines Inc.<br>DEPT. 955<br>P.O. Box 20530<br>Atlanta, GA 30320 | Ryan D. Langel<br>DELTA AIR LINES, INC.<br>1030 Delta Blvd.<br>Atlanta, GA 30354 |
|---|---|

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 410-2013-05826 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Burdette Lowe | (678) 570-7721 | 05-14-1963 |

Street Address: PO Box 92421, Atlanta, GA 30314

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DELTA AIR LINES, INC. | Unknown | (404) 715-2600 |

Street Address: 1030 Delta Blvd, Atlanta, GA 30354

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 5-7-2013    Latest: 07-30-2013
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with the above named employer on November 21, 1987, as a Customer Service Assistant. On November 7, 2012, I requested a reasonable accommodation. On May 7, 2013, I was informed that my request was denied. On June 4, 2013, I was constructively discharged and I requested retirement instead. On July 30, 2013, my request was granted, but I was denied the benefits of retirement.

The reason given for denying my accommodation was that no position was available. The reason given for denying my retirement benefits was that I am not old enough.

I believe I have been discriminated against because of my disability and retaliated against for engaging in a protected activity, in violation of Title I of the Americans with Disability Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Aug 20, 2013    Burdette D. Lowe
Date    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)